UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

CHUZA OIL COMPANY,   Case No. 18-11836-t7
                    Chapter 7

    Involuntary Debtor.

## CHAPTER 7 TRUSTEE'S MOTION TO INCUR DEBT

    Philip J. Montoya, the chapter 7 trustee (the "**Trustee**") of the above-captioned bankruptcy estate, pursuant to 11 U.S.C. §364(b), requests that the Court authorize the Trustee to obtain funds via a post-petition investment from Guizot, LLC, or its affiliate ("**Guizot**") in accordance with the terms and conditions set forth below. In support of this Motion, the Trustee states:

    1.    <u>Procedural Status of the Case</u>. On July 25, 2018 (the "**Involuntary Petition Date**"), Marc Melcher 2012 Children's Trust, Basin Disposal, Inc., M&R Trucking, Inc., and Agua Moss, LLC (the "**Petitioning Creditors**") commenced the above-captioned case by filing an involuntary petition for relief under chapter 7 of the Bankruptcy Code. On August 27, 2018, the Court entered an *Order for Relief in an Involuntary Bankruptcy* (Doc. No. 16), commencing a case under chapter 7 of the bankruptcy code (the "**Order for Relief**"). On September 4, 2018, *a Notice of Appointment of Trustee* (Doc. No. 18) was filed by the United States Trustee, giving notice of the Trustee's appointment.

    2.    <u>Jurisdiction and Venue</u>. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2).

    3.    <u>Schedules & Statements</u>. In addition to commencing the case, the Order for Relief required the Debtor to file, by September 3, 2018, "a list containing the name and address of each of its creditors." The Debtor did not file the list. The Order further required the Debtor to file, by

September 10, 2018, bankruptcy schedules and a statement of financial affairs. The Debtor did not file schedules or a statement of financial affairs.

In the event the Debtor did not file the list, schedules, or statements, the Order for Relief required the Trustee to do so on or before September 26, 2018, and gave the Trustee power to seek costs incurred in so doing from the Debtor and the Debtor's responsible party.

4. <u>The Estate's Assets</u>. After discussion with the Debtor's principal, and counsel for the Marc Melcher 2012 Children's Trust (the "**Trust**"), one of the Petitioning Creditors, the Trustee believes that the estate may include between twenty (20) and thirty (30) oil and gas wells, as well as legal claims, but less than $50.00 in cash. The value of the oil and gas wells is unknown, and the Trustee does not have possession of current production records for the wells.

The *Expedited Motion to Appoint an Interim Trustee During the Gap Period Under 11 U.S.C. § 303(g)*, filed on August 10, 2018 by the Trust alleges facts which, if proven, would give rise to significant legal claims by the bankruptcy estate. Those allegations include the following:

- A. Robert Goldstein, resigned or attempted to resign as officer or director, "leaving no fiduciaries…responsible for management, or capable of operating";
- B. "Chuza violated the restrictions on payments to Mr. Goldstein"
- C. "Mr. Goldstein did not keep any financial statements following Chuza's emergence from bankruptcy in 2016"
- D. "There is no insurance of any kind"
- E. "Mr. Goldstein siphoned money from Chuza as repayment of informal "loans" – and then he resigned as officer and director."

These allegations are serious, and should be investigated. However, with less than $50.00 in its bank account, the estate lacks the funds necessary to comply with the Order for Relief, by preparing and file schedules and statements, to insure the estate's assets, determine which of the estate's assets are marketable, and bring them to market, or to investigate what, if any, legal claims it may have, including legal claims against Mr. Goldstein based on the foregoing allegations.

5.     The Proposal. Subject to bankruptcy court approval, Guizot, LLC, or its affiliate, has agreed to invest up to $200,000.00 in the bankruptcy estate, in order to capitalize the bankruptcy estate, and enable the Trustee to perform his duties. Guizot, LLC is a pre-petition creditor, and, if successful, would directly benefit from these efforts. The terms of the investment are set forth in the term sheet attached hereto as Exhibit 1. The terms as set forth in Exhibit 1 are defined as the "**Proposal**."

However, the general terms are summarized as follows: the initial funding amount would be $50,000.00, and the funds could not be used to sue on or challenge the funding agreement, or claims of Guizot and its related entities, including Chuza Acquisition, LLC, the Trust and Marc Melcher, after a 30-day challenge period. The Trustee would cooperate with Guizot and its affiliates in investigating and pursuing litigation related to the Debtor's former management, but neither Guizot nor its affiliates would have control over the Trustee's decision to settle such litigation if desired. The funding would be repaid double, from funds estate funds, subordinated to administrative expense claims, but prior to distribution to creditors. Proceeds of the sale of mineral rights owned by the estate would not be used to pay the success fee. The success fee would be paid from other sources, such as litigation proceeds, receivables, suspense payments and sanctions awards, if any.

6.     Reasonableness of the Proposal.  The Trustee has evaluated the Proposal and has attempted to obtain funding from litigation finance firms without success. Without additional information about the case, which the Trustee does not have the funds to obtain, litigation financing firms are unwilling to make an investment. The Proposal would finance administration of the bankruptcy estate without a super-priority lien under 11 U.S.C. § 364(c). Unlike funding from a litigation finance source, the Trustee would be free to use the funds advanced under the Proposal

-3-
Case 18-11836-t7    Doc 28    Filed 09/24/18    Entered 09/24/18 11:52:36 Page 3 of 5

to administer the estate, including for preparation of schedules and statement, and the evaluation, marketing and sale of the mineral interests owned by the estate. Overall, the Trustee believes the proposal is reasonable. Furthermore, Guizot, LLC and Chuza Acquisition, LLC, which claim liens against assets held by the bankruptcy estate, have agreed to a 5% carve-out for the estate from the sale of their collateral, provided that other secured creditors secured by the same collateral also agree to the carve-out.

7. <u>Benefit to the Debtor's Estate and Creditors</u>.  Without funds, the Trustee cannot administer the estate, cannot prepare statements and schedules, and would be unable to fund an investigation into the value of the assets of the estate in order to properly liquidate them. With funding, the opportunity to file statements and schedules, review assets and administer them now arises. The benefit to the Debtor's estate and its creditors could be significant. As mentioned above, it is believed that the Debtor owns between twenty (20) and thirty (30) oil and gas properties. These properties could have value far exceeding the total amount of the investment. Without funding, it would be impossible to realize that value for the estate's creditors. Without funding, it would also be impossible to investigate the claims against Mr. Goldstein, which, if the Trust's allegations prove true, could result in significant damages. The Proposal therefore represents a significant opportunity for the estate and its creditors.

8. <u>Relief Requested</u>.  The Court should enter an order authorizing the Trustee to obtain the financing described in paragraph 5 above pursuant to § 364(b) of the Bankruptcy Code.

9. <u>Bankruptcy Code §§ 364(b)</u>.  § 364(b) of the Bankruptcy Code provides: "[t]he court, after notice and a hearing, may authorize the trustee to obtain unsecured creditor or to incur unsecured debt other than under subsection (a) of this section, allowable under section 503(b)(1) of this title as an administrative expense."  For the reasons discussed above, the Court should

allow the Trustee to accept the Proposal and to incur debt in accordance with the Proposal.

WHEREFORE, the Trustee respectfully request that the Court enter an order authorizing the Trustee to accept the Proposal and incur debt thereunder in accordance with § 364(b).

        Respectfully submitted,

        ASKEW & MAZEL, LLC

        By: *s/ filed electronically*
            Daniel A. White
            1122 Central Ave. SW, Suite 1
            Albuquerque, NM 87102
            Telephone: 505.433.3097
            Facsimile: 505.717.1494
            dwhite@askewmazelfirm.com
        *Proposed Counsel for the Chapter 7 Trustee*

This certifies that on September 24, 2018, a copy of the
foregoing pleading was served by the Bankruptcy
Court's electronic filing system on all parties who
have entered an appearance in this case.

*s/ filed electronically*
Daniel A. White