# **EXHIBIT 1**

Litigation Funding Term Sheet

| | |
|---|---|
| Investor: | Guizot, LLC or its affiliate. |
| Beneficiary: | Chapter 7 Estate of Chuza Oil Company. |
| Amount: | Up to $200,000, to be restricted as set forth below, with an initial funding of $50,000. |
| Interest Rate: | None. However, Investor shall receive all disbursed funds back as set forth below and an additional success fee as set forth below. |
| Security: | None. |
| Conditions: | Formal documentation of the agreement and final order of the Bankruptcy Court approving the agreement, both of which are to be sought in good faith. |
| Restrictions: | No portion of the funds may be used to sue on or challenge this agreement, the Investor, Chuza Acquisition, LLC, Marc Melcher 2012 Children's Trust, Marc Melcher, or the validity, security, or priority of their claims as established by Chuza Oil's prior Chapter 11 bankruptcy. |

The claims of Investor and its related entities referenced above shall be subject to objection for 30 days from delivery of the claim supporting documentation ("Challenge Period"), which may be extended by the court for cause for another 30 days. Any claims not objected to after the expiration of the Challenge Period are allowed and not subject to further objection. Other parties may contest only the lien priority of the claims, and a declaratory judgment as to lien priority is permitted, but no funds advanced in connection with this agreement may be used for that purpose.

The Trustee shall cooperate with Investor and its affiliates in pursuing litigation relating to Robert Goldstein, but the decision to settle shall be the sole and exclusive decision of the Trustee, subject only to those restrictions imposed under the law (i.e., a Rule 9019 motion). The Trustee's duty to cooperate will terminate if (a), after request, Investor declines to advance available funds up to the $200,000 full amount, or (b) the request is made after the full $200,000.00 has been advanced, and the estate cannot reasonably afford the requested cooperation.

Investor is to be repaid first and promptly from any funds received from the Estate after payment of allowed administrative expenses in this case without further order of the Bankruptcy Court. (Prior case administrative expenses are not administrative expenses in this

4834-8532-1842.v1

Case 18-11836-t7    Doc 28-1    Filed 09/24/18    Entered 09/24/18 11:52:36 Page 1 of 2

case.) Investor may re-invest up to the maximum amount. Investor retains discretion whether and when to advance funds and may, with the consent of the Trustee after court approval, expand the facility.

Purpose: The investment is to fund the Trustee's administrative expenses of the Estate and not for any other purpose. To further facilitate the sale, Guizot, LLC and Chuza Acquisition agree to a carve-out for the estate from the sale of its collateral of at least 5%, *provided that* other creditors secured by the same collateral also agree.

Success Fee: To satisfy the Estate's obligations under this agreement, the Estate shall pay the Investor double the total aggregate amount funded by Investor (netting out re-investments), in any case before making distributions to creditors and without further order of the Court. Payment of the success fee would not come from proceeds of the sale of mineral rights owned by the estate, but could come from other sources, such as litigation proceeds, sanctions awards, suspense payments and receivables collected by the Trustee.

- As an example for the sake of clarity, if the Investor funds $200,000, and the estate repays $100,000, and investor subsequently advances (after that repayment) an additional $100,000, then before unsecured creditors can receive a distribution, the Investor must receive $400,000 from the estate, which is double the $200,000 aggregate funded, net of readvances.

- Similarly, if Investor funds $100,000 and is repaid $100,000, the Investor must still receive $100,000 as a success fee before creditors receive distributions.

The parties understand that there is no set timeline to pay the obligation, and that repayment may not happen (depending on the results of litigation). Accordingly, Investors' payments will compensate for the investment risk of the investor, not as repayment for the time value of money. The bankruptcy court must find the success fee is not a prohibited interest payment or otherwise objectionable.

4834-8532-1842.v1